We'll hear the last case on the calendar, Zhang v. Zhang. Good morning, Your Honor. May I please call? My name is David Yen. I represent Plaintiff and Appellant. In this case, first of all, I made a mistake during the – at the end of first trial in the court below. I gave the court deputies the deposition transcripts of the defendants and their witnesses that the jury to be exposed to these transcripts. These transcripts, it's not sharply picked. It's almost entire transcripts designated by the defense counsels. And with the detailed analysis comparison in the record, A33, Dr. 147, as it's briefed, they are cumulative to the live testimonies presented by defendants and their witness at the trial. And court below give the highlight and underline these transcripts by the juries in the appendix 1, page 8261 to 270s. And with respect to card factors, that's only first two pages. The transcripts were not in evidence, right? That's in evidence. The transcripts had not been received in evidence. That's in the appendix. That's in the card dockets. Oh, no, no, no. I meant they weren't offered and received at trial. In fact, the trial judge had said you cannot give the transcripts to the jury. Yes. Correct. And so how did they wind up getting the transcripts? You know, that's the – it was in the box in front of the desk of the – like the – That's right. So they shouldn't have been there, and the judge said we're going to do a new trial. Why is that an abuse of the judge's discretion? The jury was exposed to evidence – to material that wasn't in evidence. Because they are cumulative to the live testimonies. But you have to say that that's an abuse of discretion. Yes. Because the court below already held that. There was sufficient evidence to support jury verdicts. There may well have been, but now we know that they saw evidence they shouldn't have. Because this evidence, the – the in-case cul-de-factors were confronted by the witness – I mean defendants at their witness. And it was in the detail analysis, in the brief, and also in the record. They – actually, on page 8263, whether or not that's the – one of the manager, he kind of – he was there already, does not cheat the fact that he was hired by the defendant. And also, another cul-de-factors probably implicated by the transcripts. He said that the harmless tenants in that it was based on my experience and Ms. These already, in his live testimony, present a trial. The jury was not swayed in a mature fashion by these cumulative deputy transcripts. The – the – your – I mean, there's highlighting all over them, right? There's highlighting and notations that you didn't – I mean, you indicated to the Court that you didn't write those things, right? No, we did not. The jury went into the jury room. They looked at these exhibits, these transcripts that they weren't supposed to see, and they went through them with highlighters. Yes, Your Honor, you are correct. However, these – that's the – we have to see whether or not these is a – first of all, were not confronted by the – the testimony during the trial. They were impeached during the trial. And secondly, other factors did not implicate cul-de-factors. Cul-de-factors in that the defendant will have the individual liabilities when they were – have the power to control the means and the ways of the plaintiff's employment. They do not require direct access to this power. As long as they access indirect power, such as they had managers. In the testimony, saying that – the defendant saying that he had a manager. He dedicated his authority to manage these employees to the manager and the accountant. He even dedicated his authority to the employees – to the managers to decide the rate of pay and the method of pay. Right. If – if for any reason we are not persuaded by this argument, you have other arguments that you want us to consider, right? Yes, Your Honor. You only have a few – a short time left. Oh, other arguments is that the second trial, the jury was against the weight of evidence. And also, that's – that's manifest injustice to the plaintiffs, because the cul-de-factors only require when not the defendants have the power to – when not that's direct, indirect. He has the power to control the ways and means of the plaintiff's employment. And there's more than sufficient evidence. There's overwhelming evidence in the second trial to show that he actually has the power to control cul-de-factors. This Court's case in Papier v. B.L.C. H. Seward Avenue, L.S.C. is distributed in this case because over there, there's no sufficient evidence to find that the defendant has a plaintiff in power because the cul-de-factors did not really implicate. In this case, there's a plaintiff of evidence, overwhelming evidence to find that the defendant has the power, even if that's indirectly, he could exercise. And also, there's evidentiary error. It's to exclude the – the cul-de-factors. And also, there's a – to allow the – one of the witness, defendant witness to testify that he was not disclosed to the plaintiffs during the Rule 26 initial disclosure and the subsequent disclosures. Roberts. All right. You have some time for rebuttal. We'll hear from the other side. Medina, I'm an associate with the law firm of U.H. Moe, counsel for the appellees in this case. As the Court is aware, the district courts have inherent authority in order to sanction counsel without a showing of bad faith. If there is evidence that the counsel has acted recklessly, irresponsibly, and through those actions had duplicated – resulted in duplicative proceedings and wasted the time of all the parties involved, in this case, it is absolutely clear that counsel had caused deposition excerpts to be provided to the jury, even though it was a clear order by the district court that such material should not be admitted into evidence. Haven't we held, though, that the ability to sanction in the absence of good faith, even for reckless conduct, that that does not apply to sanctions for attorney's fees? That when the court invokes its inherent power to impose attorney's fees, the district court must make an explicit finding of bad faith. Haven't we held that? Yes, Your Honor, but in the ---- So how does that not raise concerns about the attorney's fees order here? Because it is the fees that the costs and fees that are related to the second trial. You would not have been – you would – the sanction is proper because with an absence of the activities that counsel had done, there would be no need to have a second trial where both counsel ---- this particular sanction required a finding of bad faith and not recklessness. I'm not sure if that's the case, Your Honor. I don't think Seltzer so holds. Well, it does hold to some – to a certain extent that attorney's fees may not be awarded if there is an absence of bad faith in some circumstances. But I believe that in this – in this context, it is clear that if, based upon the evidence, there were highlights in the transcripts that were – that the court found that the court was skeptical as to whether or not Mr. Yang had, in fact, not put in the highlights and had not written in the margins, and ---- You're suggesting that it was skeptical of whether there was bad faith? Correct. All right. But its finding is its finding. It did not – it did not find bad faith. I understand, Your Honor. Okay. I – I don't want to intrude on the rest of your argument. And also, Your Honor, there are a couple of issues that I would like to address. First, there's constant statements by Mr. Yang about cumulative, that the deposition transcripts were cumulative. In fact, Your Honor, the key thing – and that there was overwhelming evidence in support of the jury's verdict as against Mr. Yang, Mr. Zang. However, the courts specifically reviewed the deposition transcripts excerpts and also considered the testimony during the trial and held that, far from it being overwhelming, in fact, the deposition transcripts could very well have influenced improperly influenced the jury in order to find Mr. Zang, an employer, under the wage and hours laws for both New York and Federal law. And that – so – and it's based upon the fact that you had deposition, you had testimony from the manager of the restaurant who, in fact, was responsible for hiring one of the plaintiffs in this case, who testified that he was in charge of the day-to-day operations of the restaurant, and that Mr. Zang was – spent most of his time abroad and did not exercise any authority with respect to the operations of the restaurant. That was also corroborated by the – by the accountant for the restaurant who stated the same – the same thing. So it was definitely not overwhelming. There was definitely testimony that cut in favor of Mr. Zang, and that the Court correctly found that the deposition testimony could very well have influenced the jury in that respect. Also, the testimony in the second trial, the jury found correctly that Mr. Zang is not an employer for purposes of the Federal and State wage and hour laws. In fact, the jury – in fact, counsel had failed to make a motion before the case was submitted to the jury for a judgment on the pleadings, on the law. Therefore, the – therefore, it's a more heightened standard in order to overturn a verdict. And that standard is that you have to show that the jury's verdict was wholly without any legal basis. And based upon this record, there is no way that counsel could establish that their – that the verdict for the jury was wholly without any legal basis. The counsel also mentions that counsel has failed to show that there – that the court has failed  discretion in, first, ordering a new trial, secondly, imposing sanctions. It shows – the record in this case shows that counsel had been directed by the court, by the district court, to show cause why sanctions shouldn't be imposed and – or a retrial. We had a hearing about that. Counsel stated his case. And based upon the court's consideration of what was said during the hearing and also her – the court's analysis and review of the record, found that there was a basis for overturning the verdict against Mr. Zhang and also imposing sanctions. So there is clearly a basis on the record to show that the court, rather than abusing his discretion, carefully considered what the arguments were, carefully considered the evidence to issue the order for a new trial and also for imposing sanctions. Also, Your Honor, counsel alluded to the fact that there was a judgment that had been awarded to the corporate defendant, but that the court had decided in exercise of its  discretion to inform the or direct the clerk not to enter the judgment until after all of the issues involving all of the defendants in this case were adjudicated. You still had the issue of whether or not Mr. Zhang was an employer and subject to a judgment. There was also evidence showing that counsel, in support of its motion, had submitted a – an article from the Legal Aid Society which related to a restaurant with a similar name, but not the same restaurant as in this case, in which it was reported that that restaurant had been avoiding paying off prior judgments in wage and hour cases. And we advised the court specifically that that restaurant was not the same that somehow there would be a manifest injustice if the – or if the judgment had – was not entered forthwith. Is there any suggestion that that was – that representation, that it was the same restaurant and the same defendants made a bad faith? Yes. There – yeah. There was a – there was a representation, Judge, in the – in the – in the counsel's  that it was knowingly false, the representation made by Mr. Yan? There is no – there is no indication. There was no testimony about it. We can only infer that because it's the same restaurant name, and subsequently when confronted with that, counsel acknowledged that it's not the same restaurant. We can infer that there – that this was improper and it was a way of trying to deceive the court in order for it to obtain a judgment again or have the judgment entered before all the issues in this case involving all of the defendants had been adjudicated. Thank you. We'll hear the rebuttal. Your Honor, do I have three minutes or two minutes? Two minutes. Two minutes. You had reserved three minutes, yes. Regarding whether or not that's the same restaurant or not, actually, the testimony by the defendant, he already admitted that. He was the manager for the headquarter of Wuliangyir. He established four restaurants. He was involved – established – Did you agree that it was a different restaurant? It was a different restaurant. And it was not in my motion to recourse in that the same restaurant is – refer to recourse in that that's another – they call Wuliangyir restaurant. They – they followed the creditors. You see them constrated, seeing that that's the – the individual defendant was not – When you submitted that information, did you know that it was a different restaurant? It was not so clear. We saw that's the Wuliangyir restaurant. And during the second trial, we questioned the defendant. He did not admit that. He was the manager of headquarters. He came to New York, established that restaurant. He was the one – the one – and he knew that it was the restaurant, defrauded creditors about $1.8 million. It was the same strategies, seeing that the individual defendant was not that they're in power. Even the corporate defendant was liable. The left, the older workers, that's in the record, they could not really collect the money for the judgment. And the issue here is this case still is about the second trial. What was this evidential ruling was error, because the corporate abused her discretion to allow one of the witness, the co-worker of the defendant, a co-worker that the plaintiff to come in to testify. That person was never disclosed in the Rule 26 disclosures to allow that the plaintiff to depose in advance and to get discovery in advance about this person. But there was ultimately a deposition of that person, right? It was just a couple of days before the trial – second trial. And the plaintiff could not really get an important file and some background material about this person, so that cannot really impeach that person. He basically come in to testify saying that, I'm their co-workers, and that the important individual did not really manager – he basically did not know the information. Everyone knew that. He got a green card through the director, signed by Defendant Lianzhen, and he petitioned him saying that he was a chef. Actually, he was a delivered person. If we could get this kind of document, that's the – I mean, perjury that both Defendant Lianzhen and the witness flawed the United States. Secondly, there's a – the one-piece evidence was excluded by the courts in the second trial, saying that it's about a – Defendant Lianzhen actually approved the payments to third party for hours worked by the plaintiffs. It can show that that's – he exercised his power to – Sotomayor, your time is up, but I do want to ask you one question about the fees. We have held that a court cannot sanction with attorney's fees without finding bad faith, but it seems to me that holding pertains to shifting the attorney's fees from one side to the other. And I'm wondering whether that's really what the court did here. The plaintiff is – or the defendant is still bearing the cost of his attorney's fees for the first trial. The judge just said that it wouldn't have to bear the costs twice and that those were going to be paid by the defendant – by the plaintiff whose counsel had triggered the second trial. Why – why doesn't that not fall within our Seltzer – Seltzer rule? Your Honor, that's actually two issues. One is about whether or not the plaintiff actually can collect any receipt judgment in this case, because, as you are aware, the defendants already made the – the – one of the corporate defendant insolvent. Now, but assume the court has the authority to sanction, and what the argument now is, is whether she can sanction with this award of attorney's fees for the second trial. I'm suggesting to you that that may not require a finding of bad faith because it's not a complete shifting of the – of the attorney's fees. Why – why shouldn't we view it that way? Your Honor, that's a Rule 68 offer judgment. Even if the plaintiff declined the Rule 68 offer judgment and they lost the trial, the court has declined to impose a fee on the plaintiff's counsel. The same situation here. And even if the plaintiff made a mistake, and the counsel made a mistake, and however big the fee shifting is, usually in a labor law case, that's incentive for plaintiff – so counsel take the case for indigenous clients. We coming to take the case – I did not say that – I did not make mistake. It was the real mistake. It was the – Wait. It's not a mistake. It's a violation of a court order. The court ruled that this evidence wasn't coming in, and this evidence was then introduced to the jury in violation of the court's order, correct? Yes, Your Honor. Okay. So that's not – that shouldn't be called a mistake. That should be called a violation of a court order. And when there's a violation of a court order, then a court typically is able to sanction, even without bad faith. Isn't that correct? Some other case still saying that the court needs to find a better faith to sanction the counsel for fees. There's a later case saying that the court has inherent power. However, I do believe that the court needs the better faith to sanction counsel, especially in terms of – You – I mean, the point is you were sanctioned, right? Not your client. You were sanctioned. But that's in the – I mean, representation of the clients. Well, all right. But who's going to – I mean, who is being ordered to pay this sanction? If the sanction – the fee has to pay, I believe that's the – the counsel has to pay. I have to pay. However, Your Honor, this is in the representation of the – the indigent clients. That's because this violation of a court order interfered with the court's ability to conduct the public's business, right? That's what happened here. And judges go for it to do another trial. Your Honor, that's – that's another way is if – when the court's order saying that that's the – making the judgment for individual defendants, that's another way is either – or also a court – a court acquit or did not take the second trial and leave the plaintiff – the judgment without peace. Because once you have a judgment against corporate defendant, like the way that the – since corporate defendant did, they made it – the corporate defendant is an insolvent. And they also – see, the supplement records, you see that this defendant kept changing their testimonies in their deposition. Roberts. You're going beyond the question. Okay. Yeah. So – Finish up. Finish up. Okay. This is about a – there's no – if there's no way for corporate – I mean, for plaintiff to collect any judgment. And in the end, the counsel has to pay – defense counsel request a hundred-thousand other fees. And this is kind of – I believe that's against the public interest to impose such a fee against the plaintiff counsel with a mistake there. It's in comparison with the – the defense – defendant's way to make the corporate defendant insolvent. I believe the Court should not impose such a fee against the counsel. Thank you. We will reserve decision. The last case is on submission. Accordingly, I'll ask the deputy to adjourn. The Court is adjourned.